# LOUIS CAMPAU *versus* WILLIAM KEITH

October 31, 1825

Charles Larned, attorney for plaintiff.
William Woodbridge, attorney for defendant.

## [OPINION]

Campau vs Keith— Trespass—

1 Count.— The Pltf, states in his declaration, that the Def<sup>t</sup> at the County of S<sup>t</sup> Clair, on the 15th of Nov<sup>r</sup> 1819, with force and arms, seized a Boat of the Pltff

loaded with Merchandize, bound from Detroit to Saguina, for the purpose of Trade with the Indians, and detained said Boat and loading for the Space of Seven days and that while the def$^t$ held possession, did break open the Boxes, trunks &$^c$ Containing said merchandize—

2 Count. States the like facts of Seizure & detention, and that the Def$^t$ forcibly, turned the Boat out of the Course of the voyage & Bro$^t$ the same from River S$^t$ Clair to Lans Creuse on Lake S$^t$ Clair, by Reason whereof the voyage was defeated and lost, and the Pltff. put to much expense &$^c$ &$^c$

To this declaration, the Defendant has pleaded 1$^t$ the general issue & put himself on the Country—

And 2$^{dly}$. a plea of Justification in Bar of the Pltffs Action—To which plea in Bar the Pltff has Demurred and the Def$^t$ Joined, putting the sufficiency of that plea to the Court.

By the 2$^d$ plea, the Def$^t$ states that at the time of the supposed trespass, he was an Inspector of the United States customs and revenue in and for the port and district of Detroit. That as such Inspector, he did take into his possession and custody and did detain said Boat, and the goods and merchandizes then on Board said Boat as set forth in the Pltffs declaration— And that he did in his Capacity of an inspector, and as it was his duty to do, proceed to examine and inspect said Boat and Cargo, as of right he ought to do— And further in the discharge of his duties as Inspector, he did Conscientiously believe and understand, that the Boat contained dutiable articles, that had been illegally imported into the District of Detroit— And believing as afores$^d$ that said merchandize had been illegally imported, it became his duty as Inspec$^t$or, to detain s$^d$ Boat and merchandize for investigation and until the said Matter might be enquired into and examined by the Collector of the Port and district of Detroit, so as that the same might be seized by the proper officer of Government as forfeited, or other wise disposed of according to Law— That to that end the Def$^t$ took possession & detained said Boat and merchandize, without any unnecessary waste or injury, until the enquiry was made by the Collector and the property was restored to the Pltff—

The def$^t$ avers, that there was probable cause for the suspicion, that the goods & merchandizes detained, were illegally imported and that they had become forfeited and Liable to seizure and Condemnation—

The def$^t$ then avers the Boat & merchandize mentioned in his plea to be the same as set forth in the declaration, with the usual traverse, and puts himself on the Court.

To the Def$^s$ special plea the Pltff has filed a gen$^l$ Demurrer, in which the Def$^t$ has joined issue—

The question therefore for the Court to decide, is on the sufficiency of the def$^{ts}$ plea as a Bar to the pltffs action—

In the argument the Def$^t$ Counsel has made Three points—

1st That the Supreme Court of the Territory, as a Court of Common law, has not jurisdiction of the Case as the Plea shews that the Cause of action if any exists, is exclusively Cognizable in a district or Circuit Court of the United States, where all questions of revenue as well as incidental questions, connected with the Collection of the revenue are to be heard and tried—

2$^d$ That by Law, an inspector of the Customs has authority and is required, to enter into and on Board all vessels Laden with merchandize, and make an inspection thereof and to detain such Boat or vessel the time necessary to make the search and investigation— That a *reasonable suspicion in his own mind*, of there being articles

on Board subject to seizure for breach of the revenue Laws, whether any such articles are found or not, is a full justification to the Inspector— That he has authority, under such suspicion to open Boxes, trunks &$^c$ in aid of such Search &$^c$

3$^d$ That the Pltff by filing a General demurrer has admitted that the defendant, entertained a reasonable & Bona fide suspicion, that there were on Board the Pltffs Boat, dutiable articles, which had been illegally imported into the District of Detroit, and which were forfeited to the United States— and that such admission maintains the defendants plea—

In answer to the first point, it is contended that the exclusive jurisdiction of the Courts of the U States, over revenue causes and the incidents growing out of or Connected with them exist no longer, than the principle question is sub judice— In the present case the defendant does not alledge by his plea that a seizure of the Pltff$^s$ property was ever made— And further that the property, after being detained by the defendant for 7 days was restored— That the Courts of the United States, if they had jurisdiction whilst the property was detained by the Inspector, ceased to have it, as soon as the property was restored— I think the reasoning of the Pltffs Counsel on this point Correct and fully warranted by the case of Hoyt & Ghelson reported in the 3$^d$ of Wheaton—

The jurisdiction of the district Court of the United States, in cases of seizure, is in rem,— If the property is restored or abandoned, the jurisdiction is lost.— The Pltff remedy in the present instance is at Common Law, and the Supreme Court of the Ter$^y$ has Jurisdiction—

On the 2$^d$ point.

In order to arrive at a correct conclusion, as to the sufficiency of the Def$^{ts}$ plea in Bar of the action, a critical inspection of the Statute is necessary, for the purpose of ascertaining what the rights and duties of an Inspector, are and to what extent in his acts and doings the Law protects him— I presume that it will not be denied, but that an Inspector who under color of his office, exceeds his authority, or abuses it, to the damages of another, makes himself liable as a wrong doer— And in that case, could not shelter himself by the inginuity of a plea—

The 54 Sec$^t$ of the revenue Law, authorises an Inspector to go on board any ship or vessel in port, or coming into any port of the U States, if within 4 Leagues of the Land, to examine the manifests inspect the Cargo, put seals on trunks, Boxes &$^c$ that shall be found in the cabin, steerage or other suspicious places— The authority here given, is not for the purpose of seizure, but to attain and transmit, information to the Collector, necessary for the prevention of frauds on the revenue. By the 53 Section of the Law, the Collector has the authority of placing an Inspector on Board a vessel arriving from a foreign port, and to Continue such an Inspector on board until the Cargo shall be discharged— And also to place on Board a vessel arriving in one port and bound to another to discharge, an Inspector to accompany such vessel—

I do not discover in any part of the Statute of the U States, that it is made the duty of an Inspector, to enter on Board a Boat or Vessel, bound from the port, to any other place in the same district, Nor when bound to another district, unless where goods imported are to be discharged in a port other than the one where the vessel first arrived, and in the latter case only by the Special direction of the Collector— If the Defendant, therefore, in entering upon and detaining the Boat and Cargo of Campau, for inspection and search, was not acting strictly in his official capacity as Inspector, his plea will be bad— I have not been able to discover any provision of the statute, that authorised him to Control the Boat, and to Cause

it to deviate from its destined voyage short of a seizure— The Pltff charges an unlawful seizure and detention, which the defendant by his traverse admits, on condition that his justification is adjudged insufficient— The fact of taking possession of the Boat & Cargo, and Controlling it by bringing it back to Lans Creuse, and detaining possession for seven days, are acts inconsistent, with an inspection of the Cargo, and demonstrate clearly to my mind, that the Defend. did Seize and intended to seize the property as forfeited to the United States— The property being restored will not excuse the defendant or legalize the capture—
In answer to the third point—

A general demurrer to a plea, admits all the facts contained in the plea which are well pleaded and nothing more— The plea is in Bar, and therefore the facts set forth must not only be true but sufficient in Law to bar the Action— in the present instance both fail— Keith was not acting strictly in the line of his duty as inspector — nor is the intention which he sets up traversable or a Bar to the action— Probable cause for a seizure, when certified by the U S. Court, will protect against a suit, where property is restored— It cannot be given, where no trial is had— and without such certificate, probable Cause cannot be pleaded— Before a Jury, the facts and circumstances, connected with the case may be given in evidence, and may aid and influence the jury in making up their verdict so far as damages are in question—

On a full view of the Case, I am of opinion that the demurrer is sustained and that the plea in Bar must be overruled.